```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                        INDIANAPOLIS DIVISION


MOLLY D. BAILEY,                    )
                                    ) Cause No.
        Plaintiff,                  ) 1:11-CV-1600-TWP-TAB
                                    ) Indianapolis, Indiana
    vs.                             ) March 12, 2013
                                    ) 2:03 p.m.
MICHAEL J. ASTRUE                   )
COMMISSIONER OF SOCIAL              )
SECURITY,                           )
                                    )
        Defendant.                  )
```

**Before the Honorable
TANYA WALTON PRATT**

OFFICIAL REPORTER'S TRANSCRIPT OF
TELEPHONIC ORAL ARGUMENT
EXCERPT – VERDICT

Court Reporter:          David W. Moxley, RMR, CRR, CMRS
                         United States District Court
                         46 East Ohio Street, Room 340
                         Indianapolis, Indiana  46204

PROCEEDINGS TAKEN BY MACHINE SHORTHAND
TRANSCRIPT CREATED BY COMPUTER-AIDED TRANSCRIPTION

**APPEARANCES:**

**For Plaintiff:**           Thomas C. Newlin, Esq.
                             Fleschner, Stark,
                              Tanoos & Newlin
                             201 Ohio Street
                             Terre Haute, IN  47807

**For Defendant:**           Thomas E. Kieper, Esq.
                             United States Attorney's Office
                             Suite 2100
                             10 West Market Street
                             Indianapolis, IN  46204

                             James B. Geren, Esq.
                             Office of the General Counsel,
                              Chief Counsel, Region V
                             Social Security Administration
                             30th Floor
                             200 West Adams Street
                             Chicago, IL  60606

```
 1                    (In open court.)
 2                    *** EXCERPT ***
 3          (Recess at 2:32 p.m., until 2:36 p.m.)
 4          THE COURT:  We're back on the record.  Counsel
 5  present?
 6          MR. NEWLIN:  Yes, Your Honor.
 7          MR. KIEPER:  Yes, Your Honor.
 8          THE COURT:  All right.  Lawyers, thank you for your
 9  oral argument.  It has been very helpful.  The Court is
10  prepared at this time to issue a ruling.
11          As stated previously, this case is before the Court
12  on Ms. Bailey's challenge to the Appeals Council's decision to
13  affirm the administrative law judge's determination that the
14  portion of Dr. Kennel's opinion that stated Ms. Bailey would
15  not be able to reliably perform normal job functions, and that
16  her prognosis was fair to poor, is entitled to no weight.
17          And the exact quote that Dr. Kennel made, his
18  opinion, was that Plaintiff would not be able to reliably
19  perform normal job functions due to high levels of anxiety,
20  making it difficult for her to function in public, with a
21  prognosis being fair to poor.  And that's at docket 12-7 at
22  pages 363 and 364.
23          The Commissioner's determination -- the ALJ's reason
24  for giving no weight was because such determinations are
25  issues that are reserved to the Commissioner in accordance
```

1  with Social Security Ruling 96-5p.  This issue, again, has
2  been fully briefed and the Court has heard oral argument.
3       The legal standard:  As we all know, the Social
4  Security regulations provide the familiar five-step inquiry to
5  determine whether the plaintiff is disabled.  The standard of
6  review that the Court must uphold the ALJ's decision if
7  substantial evidence supports his finding is found in *Blakes*
8  *v. Barnhart,* 331 F.3d 565, which is a Seventh Circuit case,
9  2003.  *Blakes* also provides that substantial evidence requires
10 no more than such relevant evidence as a reasonable mind might
11 accept as adequate to support a conclusion.
12      In *Denton v. Astrue,* which is at 596 F.3d 419 at
13 425, which is a Seventh Circuit 2010 case, it instructs that
14 the administrative law judge is obligated to consider all
15 relevant medical evidence and cannot simply cherrypick facts
16 that support a finding of nondisability while ignoring
17 evidence that points to a disability finding.
18      Additionally, if evidence contradicts the ALJ's
19 conclusion, the ALJ must confront that evidence and explain
20 why it was rejected.  The ALJ, however, need not mention every
21 piece of evidence, so long as he builds a logical bridge from
22 the evidence to the conclusion.
23      The Commissioner's decision will be reversed only if
24 it is not supported by substantial evidence or if the ALJ
25 applied an erroneous legal standard.  And that case is -- that

1 the Court cited, is from *Clifford v. Apfel,* 227 F.3d 863 at
2 689 -- I'm sorry, at 869, which is a Seventh Circuit 2000
3 case.
4          And as the parties all know, in evaluating the
5 decision of the ALJ, the Court's role is extremely limited to
6 determine whether substantial evidence exists.  The Court will
7 not reweigh evidence, resolve conflicts, decide questions of
8 credibility, or substitute its own judgment for that of the
9 Commissioner.
10          That said, the facts in this case are that Molly
11 Bailey applied for disability benefits under the Social
12 Security Act on June 15th, 2010.  After a hearing before
13 Administrative Law Judge Dennis Kramer on April 29th, 2011,
14 Ms. Bailey received an unfavorable decision on May 12th, 2011.
15 The Appeals Council denied review and she filed a timely
16 complaint in this Court on December 2nd, 2011.
17          Ms. Bailey's alleged onset date is January 1, 2009.
18 Her primary medical issues include degenerative disk disease
19 of the lumbar spine, major depression, bipolar disorder,
20 anxiety disorder, and obesity, all of which the ALJ found to
21 be severe impairments.  The ALJ also found that polysubstance
22 abuse -- apparently she was a user or addicted to
23 amphetamines, cocaine, barbiturates, opiates, and marijuana,
24 but the ALJ found that these were non-severe impairments.
25          Ms. Bailey's only appeal challenge is the ALJ's

finding regarding her mental impairments.  The ALJ substantially set forth Ms. Bailey's medical history regarding her mental impairments at trial record pages 17 through 20, which is at docket 12-1 at pages 18 through 21.  The objective medical evidence in the record is from July 2009 when Ms. Bailey was hospitalized after an attempted overdose on prescription medication.  The psychiatric evaluation that followed revealed that Ms. Bailey had a previous suicide attempt the prior year.

With respect to the analysis, 20 C.F.R. Section 404.1527 dictates how the ALJ is to evaluate medical opinion evidence from both treating and nontreating medical sources.  The regulation states, "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairments, including your symptoms, diagnosis and prognosis, and what you can still do despite impairments, and your physical or mental restrictions."  Opinions on some issues, such as whether the claimant meets the statutory definition of disability or is unable to work, are opinions on issues reserved to the Commissioner and are not considered medical opinions.  And the Court is quoting from 20 C.F.R. Section 404.1527(e).

The regulation does go on to state, "We use medical sources, including your treating source, to provide evidence,

including opinions, on the nature and severity of your impairments.  Although we consider opinions from medical sources on issues such as whether your impairment meets or equals the requirements of any impairment in the Listing of Impairments in appendix 1 to this subpart, your residual functional capacity or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner."

In addition, Social Security Ruling 96-5p gives the following as examples of issues that are reserved to the Commissioner:  One, whether an individual's impairments meet or equal a listed impairment; two, what an individual's RFC is; three, whether an individual's RFC prevents her doing past relevant work; four, how the vocational factor of age, education, and work experience apply; and five, whether the individual is disabled under the Act.  It appears that the administrative law judge dismissed the disputed portion of Dr. Kennel's opinion and gave it no weight based solely on his opinion that the report addressed issues that were reserved to the Commissioner.

The administrative law judge cites SSR 96-5p in support of his conclusion.  However, SSR 96-5p specifically states, "Opinions from any medical source on issues reserved to the Commissioner must never be ignored."  The adjudicator is required to evaluate all evidence in the case record that

1 may have a bearing on the determination or decision of
2 disability, including opinions from medical sources about
3 issues reserved to the Commissioner.
4         If the record contains an opinion from a medical
5 source, such as Dr. Kennel's, that addresses an issue reserved
6 to the Commissioner, the ALJ must still evaluate all of the
7 evidence in the case record to determine the extent to which
8 the opinion is supported by the record.
9         SSR 96-5p also makes the distinction between a
10 medical source's statement regarding what a claimant can still
11 do despite her impairment or limitation and the ALJ's ultimate
12 RFC assessment.
13         This Clifford case goes on to say that adjudicators
14 are generally required to request -- are generally required to
15 request that acceptable medical sources provide opinions about
16 an individual's physical or mental abilities to perform
17 work-related activities on a sustained basis with their
18 medical reports.  Even where opinions contain statements that
19 the claimant is disabled or unable to work or other similar
20 opinions, the ALJ must not disregard these opinions; rather
21 they are taken into account when the ALJ makes the ultimate
22 RFC and disability finding, but they are not given special
23 significance.
24         The Court does find the Seventh Circuit's opinion in
25 *Oakes v. Astrue*, the 2007 Seventh Circuit case, which is not

reported, but can be found at 258 Fed Appx 38 -- the Court does find this case to be instructive on the issue. In *Oakes*, the Seventh Circuit found that the administrative law judge had committed reversible error in his failure to give controlling weight to the claimant's treating physician because his report contained an opinion on the claimant's residual functional capacity, which the ALJ said was an issue reserved to the Commissioner, and thus entitled to no special weight.

The Court concluded that the ALJ's understanding of the governing legal standard was wrong and that SSR 96-5p simply recognizes that the Commissioner makes the final determination about an applicant's residual functional capacity, and that this determination must be based upon consideration of all the evidence.

"When evaluating the weight of a treating physician's opinion, the ALJ must give the opinion controlling weight where the physician has the requisite expertise, familiarity with the patient, longitudinal relationship, and is consistent with the objective medical evidence." And, again, that's a quote from *Oakes*.

Although Ms. Bailey's case does not involve the opinion of a treating physician -- because Dr. Kennel was a consultative physician, he did meet with her on one occasion -- the ALJ was still required to evaluate

1  Dr. Kennel's opinion under 20 C.F.R. Section 404.1527 and
2  under SSR 96-5p.  The doctor's opinion regarding whether
3  Ms. Bailey had the ability to perform normal job functions is
4  well within the type of opinion that SSR 96-5p says the ALJ
5  should make and must take into consideration.
6          In addition, Dr. Kennel's report qualifies his
7  statement with the phrase, "in my clinical opinion."  So, he
8  clearly indicates that he's not making an ultimate decision
9  that she is unable to work, but he's giving his opinion, which
10 would indicate that he gave the opinion based upon his
11 individual professional observation and his examination of
12 Ms. Bailey.  And there is no indication that Dr. Kennel gave
13 this opinion as a legal conclusion on Ms. Bailey's RFC or
14 disability status.
15         The only reason given by the ALJ for disregarding
16 that -- a certain portion of Dr. Kennel's report was because
17 it related to an issue reserved to the Commissioner, not for
18 any other reason in accordance with 20 C.F.R.
19 Section 404.1527.
20         The ALJ cited to other portions of Dr. Kennel's
21 report in his decision -- and that was at docket 12-2 and at
22 19-20 and trial record pages 18 and 19 -- but the ALJ still
23 concluded that no treating or examining physician assigned any
24 functional limitations regarding Ms. Bailey's mental
25 impairments.

1         Dr. Kennel's report does, in fact, state that
2    Ms. Bailey has limitations in performing normal job functions,
3    in his opinion, as well as her ability to function out in
4    public, but consideration of this opinion was erroneously
5    excluded.  Thus, the ALJ did not consider all of the relevant
6    medical evidence and essentially, as plaintiff's counsel has
7    argued, cherrypicked the supporting evidence from Dr. Kennel's
8    report.  "It is not enough for the ALJ to address mere
9    portions of a doctor's report."  And that quote is from *Myles
10   v. Astrue,* 582 F.3d 627 at 678 -- I'm sorry, 672 at 678, which
11   is a Seventh Circuit 2009 case.
12        The ALJ may ultimately find that Dr. Kennel's
13   opinion on this regard should be rejected, but he must first
14   weigh this medical source statement and provide an appropriate
15   explanation for either accepting or rejecting the opinion.
16        And as government's counsel argued, it would have
17   been fine if the ALJ had stated that his decision to give no
18   weight was based on Ms. Bailey's self-reporting of symptoms.
19   However, that is not what the ALJ stated.  He stated that his
20   decision to give no weight was based upon the fact that this
21   was a consideration for the Commissioner only.
22        The Court therefore finds that the ALJ giving no
23   weight to the portion of Dr. Kennel's report that addressed
24   Ms. Bailey's prognosis and functional limitations constitutes
25   clear error.  In conclusion, for the reasons stated on the

1  record, the Commissioner's decision is remanded under sentence
2  4 for further consideration of the medical source opinion of
3  Dr. Kennel.
4           And, lawyers, that's the Court's ruling.  Are there
5  any questions?
6           MR. GEREN:  No, Your Honor.  Thank you.
7           MR. KIEPER:  No, Your Honor.  Thank you.
8           THE COURT:  All right.  Thank you both for your
9  argument.  We're going to issue a minute entry in this regard
10 today, and the court reporter will file a written transcript
11 of the Court's judgment once it is transcribed, and it will be
12 docketed as the official order of the Court.
13          And if there's nothing further, we will be
14 adjourned.  Anything further?
15          MR. KIEPER:  No, Judge.
16          MR. GEREN:  No, Judge.
17          MR. NEWLIN:  No.
18          THE COURT:  Thank you very much.  We're adjourned.
19
20          (Proceedings adjourned at 2:54 p.m.)
21
22
23
24
25

1   CERTIFICATE OF COURT REPORTER

2

3      I, David W. Moxley, hereby certify that the

4   foregoing is a true and correct transcript from

5   reported proceedings in the above-entitled matter.

6

7

8

9   /S/ David W. Moxley                    March 15, 2013
    DAVID W. MOXLEY, RMR/CRR/CMRS
10  Official Court Reporter
    Southern District of Indiana
11  Indianapolis Division